PLAINTIFF'S ARGUMENTS                                                                 Pages

BRIEF FACTUAL BACKGROUND                                                              1

Point I      THE DEFENDANT'S MOTION IS A MOTION TO RECONSIDER,
             WHICH IS UNTIMELY AND IMPROPER IN FORM                                   2-3

Point II     THE DECISION OF JUDGE GOTSCHALL SHOULD STAND                             3-4

CONCLUSION                                                                            5

TABLE OF AUTHORITIES

Cases:

Best v. Shell Oil Co., 107 F.3d 544, 546 (7th Cir.1997)                               2

Boomer v. AT&T Corporation, 309 F.3d 404, 412-13 (7th Cir. 2002)                      3

Brengettcy v. Horton, 423 F.3d 674, 680 (7th Cir. 2005)                               2

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811
(1988)                                                                                2

Statutes:

Federal Arbitration Act (9 U.S.C.A. §4)                                               2,

Federal Arbitration Act (9 U.S.C.A. §16)                                              3, 4

Fed. R. Civ. P. 60                                                                    3, 4

Fed. R. Civ. P. 12                                                                    3

Local Rule 6.3                                                                        2, 4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SOFTWARE FOR MOVING, INC., <br> a New York Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LA ROSA DEL MONTE EXPRESS, <br> INC., a New York Corporation, and <br> LA ROSA DEL MONTE EXPRESS <br> (CHICAGO), LLC, an Illinois Limited <br> Liability Company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No: 08-cv-00986 <br> Judge Koeltl |

**PLAINTIFF'S RESPONSE TO MOTION
FOR RECONSIDERATION AND RELIEF
FROM THE STAY OF ARBITRATION
<u>CONTAINED IN THE DECEMBER 7, 2007 ORDER</u>**

BRIEF FACTUAL BACKGROUND:

Everything that Defendants argue in this court proceeds from their assertion that Shlomo Kogos, Plaintiff's President, executed not one but two contracts in early March 2005, the so-called 2005 License Agreement and the 2005 Maintenance Agreement.[1]  Kogos insists he didn't sign any

---

[1] That Judge Gottschall's Order, the subject of the collateral attack in this court, refers collectively to "the 2005 Agreement" and not to the two allegedly separate agreements is of no moment: Both of the documents purportedly contain arbitration clauses and Kogos insists he never saw either of them until his attorney received LA ROSA'S Demand for Arbitration.

1

document containing an arbitration provision. In denying LA ROSA'S motion to compel arbitration and allowing SFM'S motion to stay arbitration, Judge Gottschall did not resolve this factual dispute. She merely ordered, as required by the express language of §4 of the Federal Arbitration Act (9 U.S.C.A. §4), a trial on this narrow, but hotly disputed, factual issue. At LA ROSA'S insistence, Judge Gottschall also ordered that this trial should take place here, in New York.

Point I THE DEFENDANT'S MOTION IS A MOTION TO RECONSIDER, WHICH IS UNTIMELY AND IMPROPER IN FORM

 The present motion is untimely, under our Local Rule 6.3 because it was not brought within 10 days from the entry of the disputed order. It is improper in form, because it includes extensive affidavits not permitted under Rule 6.3.

 Moreover, the Defendants' motion asks this court to 'reconsider' something that it never considered in the first place. In <u>Brengettcy v. Horton</u>, 423 F.3d 674, 680 (7th Cir. 2005), the Court of Appeals stated: "Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred. * * * '[T]he law of the case doctrine in these circumstances reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one.' <u>Best v. Shell Oil Co.</u>, 107 F.3d 544, 546 (7th Cir.1997); see also <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). As we explained in Best, '[a]lthough the second judge may alter previous rulings if he is convinced they are incorrect, he is not free to do so... merely because he has a different view of the law or facts from the first judge.' <u>Best</u>, 107 F.3d at 546 (internal citations and quotation marks omitted)." In deciding whether to

permit this sort of collateral attack, this court must consider whether there is a "compelling reason to reopen the previously decided question." Best v. Shell Oil Co., 107 F.3d 544, 547 (7th Cir.1997).

Defendants characterize their present motion as one brought under Rule 60(b) of the Federal Rules of Civil Procedure. Presumably, Defendants invoke Rule 60(b) because of its more flexible time limits. However, by its terms, Rule 60(b) provides relief from final judgments in certain narrowly defined circumstances. But where is the "final judgment" in this case? Judge Gottschall's Order denied Defendants' Motion to Dismiss under FRCP 12(b)(1), but the denial of a motion to dismiss is not a final order. Her Order allowed Defendants' request for a transfer to this court; even if that were a final order, Defendants were the prevailing parties and would not need 'relief' from their success.

Point II       THE DECISION OF JUDGE GOTSCHALL SHOULD STAND

That leaves the portion of the Order requiring a trial under §4 of the Federal Arbitration Act on the disputed issue of whether Kogos signed (or even knew about) the 2005 Agreements that purportedly bear his signature. That order may have been *appealable* under §16 of the Arbitration Act, 9 U.S.C.A. §16; indeed, §16(a)(1)(B) expressly provides that "An appeal may be taken from... an order... denying a petition under section 4 of this title to order arbitration to proceed." The order denying the motion to compel was appealable, not because it was final but because Congress made it so. *See*, Boomer v. AT&T Corporation, 309 F.3d 404, 412-13 (7th Cir. 2002). Judge Gottschall's Order can in no way be seen as "final," even on the question of arbitrability, because the Order commands a trial under §4 of the Arbitration Act to resolve the "dispute concerning the making of the agreement." The question of arbitrability can not be finally resolved until after that trial.

- 3 -

We have no final judgment in this case. Accordingly, a Rule 60(b) motion is entirely inappropriate here. We have instead a motion to reconsider interlocutory orders. The only reason Defendants' motion is in this court is that Defendants elected to wait until the transfer to this court was completed before bringing their motion – the action of a New York State court, which arguably would compel arbitration, took place a couple of days *before* Judge Gottschall issued her Memorandum Opinion and Order. Judge Gottschall was advised of the filing of the New York State action; LA ROSA'S attorneys were copied on the September 11, 2007 letter sent by Plaintiff's Chicago counsel to Judge Gottschall making this disclosure.[2] If Defendants believe that the December 5, 2007 order in the New York State court action should have compelled Judge Gottschall to reach a different conclusion than she did, there was adequate time *before* she released her December 7, 2007 Memorandum Opinion and Order to call the New York State court order to her attention. If Defendants were really caught by surprise because Judge Gottschall's Order followed so soon on the heels of the New York State action, there was nevertheless plenty of time after the Order issued and before the transfer was concluded (because the court had to allow time for a possible appeal under §16 of the F.A.A.) to raise the point before Judge Gottschall. Instead, Defendants waited, only raising the issue now, improperly invoking Rule 60(b). The motion should be denied as untimely. However, case law and common sense agree that, if someone must be called upon to reconsider Judge Gottschall's rulings, the person ideally situated to do so would be Judge Gottschall herself.

---

[2] Judge Gottschall refers to the New York State case at p. 13, n. 2 of the December 7, 2007 Memorandum Opinion and Order.

- 4 -

CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should deny the Defendant's instant motion in its entirety.

WHEREFORE, Plaintiff SOFTWARE FOR MOVING, INC. respectfully prays that the Defendants' Motion for Reconsideration be denied in its entirety. In the alternative, Plaintiff prays that the Defendants' Motion be returned to Judge Gottschall for disposition or for any further or other relief that this court considers appropriate in the circumstances.

Dated: New York, New York
April 23, 2008

Respectfully submitted

/s
TIMOTHY WEDEEN (TW-4650)
WEDEEN & KAVANAGH
137 Fifth Avenue, 10th Floor
New York, NY 10010
(646) 230-8266