UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SOFTWARE FOR MOVING, a New York Corporation,

                 Plaintiff,

v.

LA ROSA NEW YORK DEL MONTE EXPRESS, INC., a New York Corporation, LA ROSA NEW YORK DEL MONTE EXPRESS (CHICAGO), LLC, an Illinois Limited Liability Company,

                 Defendants.
-----------------------------------------------------X

Case Number: 08-CV-00986 (JGK)

Assigned Judge: John G. Koeltl

Assigned Magistrate: Douglas Eaton

ANSWER TO COUNTERCLAIMS

Plaintiff/counterclaim-defendant SOFTWARE FOR MOVING, by and through its attorneys Wedeen & Kavanagh, answering the counterclaims of the defendant/counterclaim-plaintiffs, respectfully admits, denies, or avers as set forth below:

1. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

2. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists and denies any breach of any other agreements between the parties.

3. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

4. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

5. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

6. Plaintiff admits that La Rosa is a New York corporation and that La Rosa uses plaintiff/counterclaim-defendant's software.

7. Denied. The defendant/counterclaim-plaintiff is an Illinois limited liability company.

8. Denied. Plaintiff is a corporation in good standing.

9. Admits.

10. Admits in part. La Rosa (Chicago) is violating plaintiff's copyrights in Chicago, Illinois, but La Rosa located in New York breached the contract between the parties in New York.

11. Admitted, upon information and belief.

12. Denies knowledge. Plaintiff is not aware of what "custonl software" refers to.

13. Admits.

14. Admits in part. The 1999 Agreement referred to by defendants is a document which speaks for itself.

15. Admits in part. The 1999 Agreement referred to by defendants is a document which speaks for itself. Denies to the extent this paragraph contradicts the 1999 Agreement.

16. Admits in part. La Rosa (Chicago) is bound by the 1999 Agreement because it is a subsidiary and/or affiliate of the licensee under the 1999 Agreement.

17. Denies.

18. Denies.

19. Denied. Plaintiff undertook development of a web based version of the software at issue on a "handshake" basis at the request of defendants.

20. Denied.

21. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

22. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

23. Admitted. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

24. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

25. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

26. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

27. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

28. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. However, plaintiff expected defendants to pay for their use of the new software.

29. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

30. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. To the extent this paragraph makes reference to the 1999 Agreement, all allegations inconsistent with the 1999 Agreement are denied.

31. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

32. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

33. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

34. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

35. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

36. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of maintenance fees attached thereto as an exhibit.

37. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of maintenance fees attached thereto as an exhibit.

38. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of maintenance fees attached thereto as an exhibit.

39. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of

maintenance fees attached thereto as an exhibit.

40. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of maintenance fees attached thereto as an exhibit.

41. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. There is a schedule of fees which are referenced in the complaint, with said schedule of maintenance fees attached thereto as an exhibit.

42. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

43. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part, that certain payments were made, for the continued use of the Windows version of the software and to pay for development of the internet version of the software.

44. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

45. Denied. Plaintiff was paid by defendant approximately five months before the 2005 Agreement, which plaintiff maintains is a forgery and non-existent, to develop the internet version of the software and payments were made for continued use of the Windows based version.

46. Denied. Plaintiff was paid by defendant approximately five months before the 2005 Agreement, which plaintiff maintains is a forgery and non-existent, to develop the internet version of the software and payments were made for continued use of the Windows based version.

47. Denied.

48. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

49. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

50. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

51. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

52. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

53. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

54. Denied in part. Plaintiff was advised in or around April 2006 by defendants that the internet software was not complete, but not that there were "problems."

55. Denies knowledge sufficient to form a belief.

56. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

57. Denied.

58. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

59. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

60. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

61. Denied.

62. Denied. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

63. Denied in part. Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists. Admits in part that certain payments were received for development of the internet based software and payments were made for continued use of the Windows based version.

64. Admitted in part, that plaintiff through counsel made demands for certain payments. . Plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Admitted to the extent that plaintiff attempted to collect certain money owed it; all other allegations denied.

70. Denied.

71. Admitted in part. Defendant/counterclaim-plaintiff had paid approximately $242,000.00 the $295,000.00 owed for development of the internet based software, but plaintiff/counterclaim-defendant denies the 2005 Agreement referred to exists.

72. Denied.

73. Denied.

74. Admitted in part, that plaintiff made demands for certain payments owed. To the extent that this paragraph conflicts with the e-mails in question, documents which speak for themselves, plaintiff denies all allegations inconsistent with the contents of these documents.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denies knowledge sufficient to form a belief.

82. Denied.

83. Denied (plaintiff denies existence of the 2005 Agreement), except that plaintiff made unsuccessful attempts to get paid money it was owed by defendants.

84. Denied.

85. Denis knowledge sufficient to form a belief.

86. Admits, specifically that Mr. Zukowsky made informal attempts to collect money due plaintiff and that Mr. Zukowsky never had the 2005 Agreement, which plainitff maintains is a forgery, because it did not exist.

87. Denied.

88. Admits.

89. Denied.

90. Plaintiff repeats and re-alleges the foregoing as if set forth fully herein.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied

96. Denied.

97. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Plaintiff repeats and re-alleges the foregoing as if set forth fully herein.

105. Denied.

106. Denied.

107. Denied, plaintiff maintains the 2005 Agreement never existed. Admits that certain payments were received as license fees for the Windows version of the software.

108. Denied

109. Denied.

110. Denied.

111. Denied.

112. Plaintiff repeats and re-alleges the foregoing as if set forth fully herein.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied. Plaintiff admits receiving certain payments from defendant.

121. Denied.

122. Denied. Plaintiff received $88,000.00 to maintain Windows version of software for 2005

and part of 2006.

123. Denied.

124. Denied.

125. Plaintiff repeats and re-alleges the foregoing as if set forth fully herein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## FIRST AFFIRMATIVE DEFENSE

133. Unclean ands. The defendants herein have presented this Court with a document which is a forgery, to wit, the 2005 Agreement.

## SECOND AFFIRMATIVE DEFENSE

134. The plaintiff reserves its rights to amend the within Answer.

WHEREFORE, plaintiff requests that this Court dismiss defendants' counterclaims with prejudice and grant plaintiff such other and further relief as this Court deems just and proper.

Dated:    New York, New York
            April 29, 2008

                                        Respectfully submitted,

                                        <u>/s Timothy Wedeen (TW-4650)</u>
                                        Wedeen & Kavanagh
                                        Attorneys for plaintiff
                                        137 Fifth Avenue, 10th Floor
                                        New York, NY  10010
                                        (646) 230-8266